# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANTONIO JENKINS (#529530)                          CIVIL ACTION

VERSUS                                             NO. 18-1079-SDD-RLB

DARREL VANNOY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 21, 2020.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANTONIO JENKINS (#529530)                    CIVIL ACTION

VERSUS                                        NO. 18-1079-SDD-RLB

DARREL VANNOY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application. *See* R. Doc. 8, 9. There is no need for oral argument or for an evidentiary hearing.

On June 20, 2018, the *pro se* petitioner, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2011 criminal conviction and sentence entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for second degree murder. The petitioner asserts, through 18 listed claims,[1] that his federal constitutional rights were violated.

---

[1] The petitioner's claims include that (1) he is entitled to an evidentiary hearing because he received ineffective assistance of counsel, the facts of which were not adequately developed at the state court level, (2) ineffective assistance of appellate counsel, (3) pro se pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, (4) jury fixing resulted in a violation of equal protection, (5) *Martinez v. Ryan* applies to his habeas petition because the state appellate court refused to hear his ineffective assistance of counsel claim on direct appeal, (6) he should be exempted from procedural default, (7) the arrest warrant lacked probable cause, (8) he was deprived of his right to testify, (9) he was denied the right to a fair and impartial jury, (10) his trial counsel was ineffective for failing to interview a critical eye-witness before trial, (11) his trial counsel was ineffective for failing to secure expert crime scene reconstruction testimony, (12) his trial counsel was ineffective for failing to track down material witnesses, (13) his trial counsel was ineffective for failing to locate or interview witnesses, (14) cumulative errors, (15) the state's key witness lacked credibility, (16) a mistrial should have been granted, (17) sufficiency of the evidence, and (18) his motion for post-verdict acquittal should have been granted.

**Procedural History**

On April 16, 2011, after a trial by jury, the petitioner was found guilty of second degree murder and was sentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence.  The petitioner pursued a direct appeal at the First Circuit Court of Appeal ("First Circuit").  On March 22, 2013, the First Circuit affirmed the conviction and sentence. The petitioner filed a writ application with the Louisiana Supreme Court, which was denied on October 11, 2013.

On November 12, 2014 the petitioner filed an application for post-conviction relief at the trial court.  The trial court denied the application on September 10, 2015.  The petitioner appealed the denial of his post-conviction application to the First Circuit. The First Circuit denied review on March 21, 2017. The petitioner sought further review with the Louisiana Supreme Court, which denied the application in an opinion issued on September 21, 2018.  The petitioner signed the instant application for habeas corpus relief on November 19, 2018, declaring under penalty of perjury that it was placed in the prison mailing system on that day.[2]

**Applicable Law and Analysis**

As set forth below, this Court concludes, as asserted by the State of Louisiana, that the petitioner's application is untimely.  In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody.  This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such

---

[2] The petition was not docketed until December 11, 2018, over three weeks later.  Petitioner's declaration is questionable, as this delay in filing is atypical and unlikely.  The Court also notes that the petition was stamped received by the Legal Programs Department on December 11, 2018, the same day that it was scanned and filed with this Court. (R. Doc. 1 at 16).  The Court, however, will use the date sworn to by the petitioner.

review.  28 U.S.C. § 2244(d)(1)(A).  As provided by the referenced statute, the time during

which a properly filed application for state post-conviction or other collateral review is thereafter

pending before the state courts with respect to the pertinent judgment or claim shall not be

counted toward any part of the one-year limitations period.  28 U.S.C. § 2244(d)(2).  However,

the time during which there are no properly filed post-conviction or other collateral review

proceedings pending does count toward calculation of the one-year period.  To be considered

"properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be

in compliance with the applicable laws and rules governing filings.  *Pace v. DiGuglielmo*, 544

U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Further, a properly-filed

state application is considered to be "pending" both while it is before a state court for review and

also during the interval after a state court's disposition while the petitioner is procedurally

authorized under state law to proceed to the next level of state court consideration.  *See*

*Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the Louisiana Supreme Court denied the petitioner's writ application

on direct review on October 11, 2013. (R. Docs. 10-4 at 1, 11-10 at 135). The judgment became

final on January 9, 2014, upon the passage of the time allowed for him to pursue a writ of

certiorari with the United States Supreme Court (90 days). Thereafter, 307 untolled days elapsed

before the petitioner filed his PCR application on November 12, 2014.[3]  The petitioner appealed

---

[3] The state argues that the petitioner's post-conviction relief application was file-stamped on November 20, 2014. However, the affidavit attached to the application is dated by the petitioner on November 12, 2014 (R. Doc. 11-10, p. 92) and the date on petitioner's request for legal mail confirms that the petitioner provided the application to prison officials for mailing on November 12, 2014 (R. Doc. 11-11, p. 143). Pursuant to the prison mailbox rule, an inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court.  *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 2008 WL 553186, *3 (E.D. La. Feb. 28, 2008).

the denial of his PCR application to the First Circuit[4] and, ultimately, the Louisiana Supreme Court, which denied his application on September 21, 2018. (R. Doc. 10-4 at 39). Another 59 days of untolled time elapsed until the petitioner filed the instant application for habeas corpus relief on November 19, 2018. (R. Doc. 1 at 15). This results in a total of 366 days when the petitioner did not have any properly filed application for state post-conviction or other collateral review pending before the state courts, and is therefore outside of the one year limitations period.

Having found the petitioner's applications to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling. To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law. *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). The petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."

---

[4] The petitioner's initial writ application to the First Circuit was denied due to his failure to comply with the rules of court (R. Doc. 11-10). However, the First Circuit provided the petitioner with a new date by which he could re-file his application (R. Doc. 11-10, p.42), thus implicitly extending the filing date. *See Leonard v. Deville*, 2020 WL 2507358 (5th. Cir. May 15, 2020).

*Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The petitioner has asked for equitable tolling because he diligently pursued his rights and because he was dependent on an inmate counsel substitute. R. Doc. 12. The petitioner provides no explanation for why he waited 309 days after the conclusion of his direct appeal to initiate post-conviction relief proceedings. Furthermore, reliance on an inmate counsel substitute does not justify equitable tolling. *See Marshall v. Cain*, 228 F.3d 408 (5th Cir. 2000); *Boswell v.*

*Claiborne Parish Detention Center*, 629 Fed. Appx. 580 (5th Cir. 2015); *Smith v. Rogers*, 2014 WL 297884 (W.D. La. July 2, 2014). The petitioner has not provided the Court with any evidence that he was prevented in an extraordinary way from pursuing his rights. Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on May 21, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**